UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
SIXTO AYALA,　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Plaintiff,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:　　22-cv-4604 (ALC)
　　　　-against-　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:　　<u>ORDER REMANDING</u>
　　　　　　　　　　　　　　　　　　　　　　　　:　　<u>CASE AND DENYING</u>
BOH TRUCKING, LLC AND ROGELIO FIDIA　　:　　<u>SANCTIONS</u>
MARTINEZ　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Defendants.　　　　　　　x
-----------------------------------------------------------------
**ANDREW L. CARTER, JR., District Judge:**

　　　　If there is a basis for federal jurisdiction, a defendant may remove a case from state to federal court. Under 28 U.S.C. 1332(a), federal jurisdiction exists by virtue of diversity of citizenship if the plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000. A defendant must remove the case within 30 days of receiving an initial pleading, or some other paper, from which the defendant may ascertain that federal jurisdiction exists. The defendants removed too late; the Court remands this case.

## BACKGROUND

　　　　In January 13, 2022, in the Supreme Court of the State of New York, Bronx County, plaintiffs filed a personal injury action related to a motor vehicle accident. In the complaint, plaintiffs not only set forth that the plaintiff and defendant were citizens of different states, but also explicitly stated that the amount of damages sought exceeded $100,000.

1

Since Plaintiff served the complaint on Martinez on January 18 and BOH on January 27, both Defendants were on notice that the case could be removed by January 27. But the Defendants waited until June 3, 2022 to file a notice to remove this action to this Court (the "Notice").[1] On July 1, Plaintiff filed a letter motion seeking remand. The Defendant opposed on July 15.

**DISCUSSION**

1) **THE MOTION FOR REMAND IS GRANTED.**

When the removal is premised on diversity jurisdiction, the "defendant must meet two deadlines. First, the defendant must file a notice of removal within thirty days of receiving the first paper ""from which it may . . . be ascertained that the case is one which is or has become removable"" 28 U.S.C. § 1446(b)(3). Second, the defendant must remove the case within one year of the date on which the lawsuit began, ""unless the district court finds that the plaintiff has acted in bad faith in order to prevent"" removal. Id. § 1446(c)(1)." *Kozlova v. Whole Foods MKT. Grp., Inc.*, No. 20-CV-6025 (RPK) (RLM), 2021 U.S. Dist. LEXIS 14415, WL 4398234, at *9 (E.D.N.Y., Jan. 24, 2021). "[F]ederal courts construe the removal statute narrowly, resolving any doubts against removability." *Id*. (internal citations and quotations omitted).

While it is true that the defendants removed the action within one year, they did not remove the action within 30 days. Counsel for Defendants claims that they acted diligently and

---

[1] Defendants previously attempted to remove the state action on April 12, 2022 to the Eastern District of New York. Since the state action was filed in the Bronx, Defendants attempted to remove the case to the wrong district, still past the deadline for removal. On April 13, Judge Cogan in the EDNY remanded the case because Defendants did not adequately allege jurisdiction.

that they were not retained immediately, noting that they were not retained until March 23.  None of these excuses justify the delay in removing the case in a timely manner.

**2)       THE MOTION FOR SANCTIONS IS DENIED.**

Under Rule 11(b), whenever a pleading or "other paper" is filed, an attorney certifies that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances":

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .

Fed. R. Civ. P. 11(b). A submission violates Rule 11 "either when it 'has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.'" *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002) (quoting *W.K. Webster & Co. v. Am.*

*President Lines*, Ltd., 32 F.3d 665, 670 (2d Cir. 1994)). "[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness." *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000).

Plaintiff also seeks sanctions under Rule 11 for Defendant's conduct in removing this action. Plaintiff seeks sanctions since Defendant did not disclose that they previously attempted to remove this case to the Eastern District of New York and that Judge Cogan remanded the case. Plaintiff claims that Judge Cogan's decision is entitled to preclusive effect and bars defendants from attempting to relitigate this issue before this court.

Judge Cogan remanded the case because the Plaintiff failed to establish diversity of citizenship before him. Judge Cogan didn't rule that diversity of citizenship was not present, but that Defendant didn't properly plead the citizenship of BOH Trucking LLC. As Judge Cogan correctly pointed out, a limited liability company takes on the citizenship of each of its members. But–even after Judge Cogan issued an order to show cause–Defendant still claimed BOH was a New Jersey corporation that has its principal place of business in New Jersey, failing–for the second time–to address the citizenship of BOH's members. Contrary to Plaintiff's argument, Judge Cogan did not rule that Defendant was never entitled to remove this case to any district court.[2]

Defendant has again failed to properly remove the case. But here the problem is that the Defendant removed the case too late. In this petition, Defendant finally stated that the sole member of BOH Trucking LLC is a New Jersey resident. Judge Cogan did not rule on the legal principle at issue here: Defendant's untimely removal. Defendant's failure to notify this court

---

[2] Defendant also previously removed the case to the wrong district. Since the case originated in state court in the Bronx, located in the Southern District, the case should not have been removed to the Eastern District of New York.

about Judge Cogan's decision does not–as Plaintiff argues–render Defendant's removal frivolous. The request for sanctions is denied.

## CONCLUSION

Both parties' remaining arguments are without merit. For the reasons discussed herein, this case is hereby remanded to New York Supreme Court, Bronx County. The motion for sanctions is denied.

**SO ORDERED.**

**Dated: November 22, 2022**
   **New York, New York**

                                        **  /s/ Andrew L. Carter, Jr.**
                                        **ANDREW L. CARTER, JR.**
                                        **United States District Judge**